1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11

ABEL AGUIRRE,                                        1:12-CV-01305 GSA HC

12                          Petitioner,              ORDER DISMISSING PETITION WITH
                                                     LEAVE TO AMEND
13        v.
                                                     ORDER DIRECTING CLERK OF COURT
14                                                   TO PROVIDE PETITIONER WITH A FORM
PEOPLE,                                              HABEAS PETITION
15
                           Respondent.               [THIRTY DAY DEADLINE]
16   _____/

17
           Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
18
     pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant
19
     to 28 U.S.C. § 636(c).
20
           On August 10, 2012, Petitioner filed the instant petition for writ of habeas corpus.  He
21
     challenges a conviction for rape sustained in Tulare County Superior Court.
22
                                              **DISCUSSION**
23
     A.  Procedural Grounds for Summary Dismissal
24
           Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a
25
     petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
26
     entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases;
27
     O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); Hendricks v. Vasquez, 908 F.2d 490 (9th
28

1  Cir.1990).  Further, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

2  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

3  respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee

4  Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

5  Nevertheless, a petition for habeas corpus should not be dismissed without leave to amend unless it

6  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

7  440 F.2d 13, 14 (9th Cir. 1971).

8  B.  Failure to State a Claim

9      The basic scope of habeas corpus is prescribed by statute.  28 U.S.C. § 2254(a) states:

10     The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
       entertain an application for a writ of habeas corpus in behalf of a person in
11     custody pursuant to a judgment of a State court *only on the ground that he is in
       custody in violation of the Constitution or laws or treaties of the United States.*
12

13  (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States

14  District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

15  person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484

16  (1973).

17     Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must

18  demonstrate that the adjudication of his claim in state court

19     resulted in a decision that was contrary to, or involved an unreasonable application
       of, clearly established Federal law, as determined by the Supreme Court of the
20     United States; or resulted in a decision that was based on an unreasonable
       determination of the facts in light of the evidence presented in the State court
21     proceeding.

22  28 U.S.C. § 2254(d)(1),(2).

23     In the instant case, Petitioner fails to state a cognizable federal claim.  Petitioner does not set

24  forth specific grounds for relief.  Rather, in the space provided for grounds and facts, he lists

25  numerous conclusory claims without providing any description or supporting facts.  He claims the

26  sentencing and conviction were unfair; he claims the judge was unfair; he claims the evidence used

27  against him was insufficient and unfair; and he claims the way he was found guilty was unfair.  He

28  provides nothing further in the way of reasons or facts to support these assertions.  It is not the duty

1  of federal courts to try to second guess the meanings of statements and intentions of petitioners.

2  Rather the duty is upon the individual who asserts a denial of his constitutional rights to come forth

3  with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand

4  his argument and to render a decision on the matter.

5      Petitioner's claims are completely conclusory and unsupported by any facts.  "Conclusory

6  allegations which are not supported by a statement of specific facts do not warrant habeas relief."

7  James v. Borg, 24 F.3d 20, 29 (9th Cir.1994); Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir.1995)

8  (holding that conclusory allegations made with no reference to the record or any document do not

9  merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in

10  a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an

11  order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994), *citing* Boehme v.

12  Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations

13  that are "conclusory and wholly devoid of specifics."").

14      Rule 4 of the Rules Governing Section 2254 Cases explicitly allows the district court to

15  dismiss summarily a habeas petition when no claim for relief is stated.  See O'Bremski v. Maass,

16  915 F.2d 418, 420 (9th Cir.1990.)  Notice pleading is insufficient; the petitioner must state sufficient

17  facts.  See id. (*citing* Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977).

18      Petitioner will be given an opportunity to file an amended petition.  Petitioner is advised that

19  failure to file a petition with specific grounds for relief set forth, and facts stated in support, will

20  result in dismissal of the petition and termination of the action.  Petitioner is advised that the

21  amended petition should be titled "First Amended Petition" and reference the instant case number.  It

22  must be legibly typed or handwritten, preferably on the form petition provided.

23  C.  Failure to Name a Proper Respondent

24      In this case, Petitioner names "People" as Respondent.  A petitioner seeking habeas corpus

25  relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to

26  the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d

27  891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

28  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in

1  which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.

2  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California

3  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal

4  institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

5        Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

6  lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326

7  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

8  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition

9  to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d

10 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

11 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington,

12 394 F.2d 125 (9th Cir. 1968) (same).

13                                     **ORDER**

14        Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  The Clerk of

15 Court is DIRECTED to provide Petitioner with a form petition.  Petitioner is GRANTED thirty (30)

16 days from the date of service of this order to file an amended petition in compliance with this order.

17 Failure to comply with this order will result in dismissal of the petition and termination of the action.

18

19        IT IS SO ORDERED.

20    **Dated:   August 30, 2012**                   **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28